[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 12, 2007
THOMAS K. KAHN
CLERK

No. 06-10725

D. C. Docket No. 05-00021 CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRUCE TIMOTHY JONES,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Georgia

**(March 12, 2007)**

Before DUBINA and COX, Circuit Judges, and SCHLESINGER,* District Judge.

PER CURIAM:

_____
*Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of
Florida, sitting by designation.

A jury found appellant Bruce Timothy Jones ("Jones") guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Jones then perfected this appeal.

Jones presents the following issues for appellate review:

1. Whether the district court erred in denying Jones's motion to suppress evidence on his claims that the warrant was issued after the search and lacked probable cause.

2. Whether the district court erred in denying Jones's motion to suppress statements he made to police officers.

3. Whether the district court erred in refusing to compel disclosure of the identity of a confidential informant.

4. Whether the district court improperly sentenced Jones by

    (a)    using allegedly invalid prior convictions to calculate his base offense level and criminal history category,

    (b)    using facts not pled or proven to the jury to enhance his base offense level and calculate his criminal history category, in violation of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and

    (c)    using his prior convictions to enhance his sentence, in violation of the Double Jeopardy Clause.

5. Whether the indictment should have been dismissed for pre-indictment delay under the Speedy Trial Act, 18 U.S.C. § 3161.

After reviewing the record and reading the parties' briefs, we conclude there is no merit to any of Jones's arguments. Accordingly, we affirm his conviction and sentence.

**AFFIRMED.**